UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHARLES STEWART, ET AL | CIVIL ACTION |
| VERSUS | NO. 11-1594 |
| ZC STERLING CORP. | SECTION "C" (1) |

ORDER AND REASONS

This matter comes before the Court on the issue whether the jurisdictional amount existed at the time of removal and on the plaintiffs' motion to remand. Having determined that the defendant has not shown that subject matter jurisdiction exists, this matter is hereby REMANDED to state court pursuant to 28 U.S.C. § 1447(c).

Federal courts are bound to examine the basis of subject matter jurisdiction *sua sponte*. Union Planters Bank Nat. Assn. v. Salih, 369 F.3d 457, 460 (5th Cir.2004). There is a presumption that a federal court lacks subject matter jurisdiction. Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Richard D. Freer, FEDERAL PRACTICE & PROCEDURE § 3522. The parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. Id. In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id. This

showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  <u>Luckett v. Delta Airlines, Inc.</u>, 171 F.3d 295 (5th Cir. 1999).   It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  <u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283, 287, fn. 10 (1938), <u>citing</u>, <u>McNutt v. General Motors Corp.</u>, 298 U.S. 178, 182-189 (1936); <u>Diefenthal v. Civil Aeronautics Board</u>, 681 F.2d 1039 (5th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1107 (1983).

The state court petition filed in this matter identifies five Louisiana citizens as plaintiffs, all of whom attached affidavits to the state court petition each of which states that the damages sought exclusive of costs and interest does not exceed the sum of $75,000, including penalties and attorneys fees.  Rec. Doc. 1.  This matter was removed on the basis of diversity.   The lead plaintiff named in the caption, Charles Stewart ("Stewart"), is not mentioned in the body of the state court petition, and no affidavit on his behalf is attached.

The plaintiffs explain in their memorandum and motion that the inclusion of Stewart in the caption is a typographical error, and that he is a named plaintiff in

another suit against the defendant pending in another state district court. As a result, the Court is presented with a state court petition that is not removable as to the five plaintiffs who do make claims, and otherwise does not identify the citizenship of Stewart for purposes of diversity jurisdiction.

The Court does not find that the jurisdictional minimum is facially apparent from the petition in this matter. The Court also finds that the defendants have not made a showing sufficiently particularized to support this Court's subject matter jurisdiction.

In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly, IT IS ORDERED that this matter be and hereby is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 6th day of September, 2011.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE